**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL YOUNG,

    Plaintiff - Appellant,

v.

DEREK STEPHENS, individually and in
his official capacity as a Loveland Police
Officer; CHRISTOPHER BROWN,
individually and in his official capacity as a
Loveland Police Officer,

    Defendants - Appellees.

No. 18-1225
(D.C. No. 1:15-CV-00891-RPM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **MORITZ**, Circuit Judges.
_____

Michael Young appeals following a jury verdict in favor of Loveland Police

Department ("LPD") officers Derek Stephens and Christopher Brown on Young's

excessive force claims.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

After receiving a call for a welfare check, an LPD officer believed she saw

Young with weapons in his home.  A background check revealed Young had

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

previously been convicted of two felonies. LPD detective Patrick Musselman applied for a search warrant for Young's home to gather evidence that Young was unlawfully possessing weapons as a felon. Search and arrest warrants were approved. Pursuant to LPD policy, Musselman prepared a "threat matrix" for Young. This analysis recommended a SWAT team for the search based on prior reports that Young had threatened doctors and law enforcement, an incident in which Young's ex-wife called police claiming he chased her from his home with a sword, and his two prior felony convictions.

Several days after the welfare check, members of the LPD executed the search warrant while Young was not home. They discovered four swords and a large fixed-blade knife. When Young returned home after the officers had left, he called the police department. Musselman informed him that he was subject to an arrest warrant and urged Young to turn himself in. After speaking with his grandmother, Young agreed to do so.

Stephens and Brown were surveilling Young's home when they learned Young planned to turn himself in. They decided to follow Young to the police department, and planned to conduct a "high-risk stop" of his vehicle if it deviated from that route. Young and his grandmother left the home and began driving toward the police station, but then entered a parking lot. The officers stopped the car in the lot. Both Stephens and Brown described Young's arrest as occurring without incident. Young claims Stephens twisted his arm and shoulder, slammed him into his grandmother's car, dragged him to the police car, kicked his knee, and roughly folded him into the

vehicle. Young's grandmother did not see much of the incident, but stated she felt something slam into her car and saw Young pinned against it.

Young brought excessive force claims against Stephens and Brown following his arrest. Prior to trial, he filed a motion in limine, arguing evidence of his two prior felonies was inadmissible under Fed. R. Evid. 609. He also argued that if the court considered admitting such evidence, "that consideration is subject to Rule 403 to determine if the probative value is substantially outweighed by its prejudicial effect." In ruling on the motion, the district court stated: "prior felonies, we've got to have that—he does have prior felonies because that's the reason for the arrest warrant." It allowed the fact of Young's prior felonies to come in, but did not permit any details about the crimes other than the years of the convictions.

Prior to voir dire, the court provided a brief summary of the case, stating defendants "had a warrant to search Mr. Young's house and a warrant for his arrest based on information that he had illegal possession of a firearm because he had been convicted of felonies in 1997, and 2004." The felonies were mentioned during the trial on several occasions, and were referenced by both attorneys. The jury returned a verdict in favor of defendants. Young timely appealed.

**II**

We review a district court's decision to admit evidence for abuse of discretion. Eisenhour v. Weber Cty., 897 F.3d 1272, 1276 (10th Cir. 2018). "Under this standard, we will not reverse unless the district court's decision exceeded the bounds

3

of permissible choice in the circumstances or was arbitrary, capricious or whimsical." Id. at 1277 (quotation omitted).

Young argues the evidence of his prior convictions was inadmissible under Rule 609. That Rule states that if a prior conviction is more than ten years old, it may not be admitted "to attack[] a witness's character for truthfulness" unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). However, "[t]he limitations of Rule 609 are not applicable if a conviction is admitted for a purpose other than to prove the witness's character for untruthfulness." Fed. R. Evid. 609, Committee Notes on Rule—2006 Amendment. The district court in this case explicitly admitted the fact of Young's prior convictions because they were "the reason for the arrest warrant," not for credibility purposes. Young concedes in his Opening Brief that defendants "did not argue, and the District Court did not rule, that the Evidence was admissible to impeach [his] testimony."

The proper metric to determine admissibility is described in Fed. R. Evid. 403. That Rule states evidence is admissible unless "its probative value is substantially outweighed by . . . unfair prejudice." Id. "In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1274 (10th Cir. 2000). "The district court is clearly in a superior position to perform this analysis, and thus is accorded broad discretion in making such decisions." Id.

4

District courts must exercise caution in allowing a jury to learn a party is a felon. Admitting such evidences carries the risk that the jury will "reject [a plaintiff's] claim on the ground that he was a bad person." Therrien v. Target Corp., 617 F.3d 1242, 1257 (10th Cir. 2010). Nevertheless, "evidence is admissible when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of [a claim] by proving its immediate context or the res gestae." United States v. Kimball, 73 F.3d 269, 272 (10th Cir. 1995) (quotations omitted). Jurors "who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters." Old Chief v. United States, 519 U.S. 172, 189 (1997). The fact that Young had prior felony convictions was relevant to an unusually substantial portion of this case: to show why his home was searched, why the search was conducted when he was not present, and why he was arrested. Although admission of such evidence may be weighed differently if felony convictions make up a lesser part of the res gestae, we cannot say the district court abused its discretion in this case.[1]

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Because we affirm, we decline to consider defendants' argument that Young waived or failed to properly preserve the issues presented on appeal.